**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEVEN GIARUSSO | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 04-552T |
| | : | |
| NEW ENGLAND GAS CO. | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT NEW ENGLAND GAS CO.'S MEMORANDUM**
**SHOWING CAUSE WHY THIS CASE SHOULD**
**NOT BE DISMISSED FOR LACK OF JURISDICTION**

Defendant New England Gas Co. ("New England Gas") respectfully submits this memorandum showing cause why this case should not be dismissed for lack of jurisdiction. On September 1, 2005, this Court issued a Show Cause Order requiring the parties to appear on October 14, 2005 and show cause why the above-referenced matter should not be dismissed for lack of jurisdiction. As set forth in greater detail below, this matter should not be dismissed because the Court has original federal question jurisdiction under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C.A. § 185(a). Moreover, there is complete diversity of citizenship between the parties and the amount in controversy exceeds the $75,000 threshold requirement, thereby invoking the original jurisdiction of this Court.

I. Federal Question Jurisdiction

Federal courts have jurisdiction over "all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. Under the well-

pleaded complaint rule, the court must determine whether a "federal question appears within the four corners of the complaint." BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., 132 F.3d 834, 831 (1st Cir. 1997). In other words, it must be "apparent from the face of the plaintiff's complaint ... that a cause of action arise[s] under the federal law...." Aroostook Band of Micmacs v. Ryan, 404 F.3d 48, 56 (1st Cir. 2005) (internal citations omitted).

A. Family Medical Leave Act

Here, Mr. Giarusso refers to both the "Rhode Island Family Medical Leave Act" and the "FMLA" in his Complaint. Mr. Giarusso cites the Rhode Island Parental and Family Medical Leave Act, as it is properly entitled, on two occasions – once in the "overview of the case" and again in the section entitled "jurisdiction." However, in the text of his Complaint, Mr. Giarusso does not allege a single violation of the Rhode Island Parental and Family Medical Leave Act. Instead, Mr. Giarusso makes only two allegations of unlawful conduct, both of which are premised on an alleged violation of the "FMLA." First, Mr. Giarusso alleges that that New England Gas' action "effectively blocked Giarusso from invoking the protection of the FMLA." Plaintiff's Complaint at ¶ 46. Second, Mr. Giarusso alleges that New England Gas "terminated Giarusso for attempting to invoke the protections of the FMLA." Plaintiff's Complaint at ¶ 47. At no point does Mr. Giarusso define the Rhode Island Parental and Family Medical Leave Act as the "FMLA." The acronym "FMLA" is the common and well accepted abbreviation for the federal Family Medical Leave Act and not the Rhode Island Parental and Family Medical Leave Act. Thus, on the face of the Complaint, although it could be argued that Mr. Giarusso only alleged violations of the FMLA, at the very least, Mr. Giarusso

asserted claims under both the Rhode Island Parental and Family Medical Leave Act and the FMLA.

In addition, it is important to note that Mr. Giarusso did not move to remand the case, nor has he ever claimed that his suit was limited to a claim under the Rhode Island Parental and Family Medical Leave Act. Based on the language of the Complaint and counsel's representations, it is apparent that Mr. Giarusso is asserting claims under both the FMLA and the Rhode Island Parental and Family Medical Leave Act. Thus, the Court has original federal question jurisdiction over this matter.

B. Labor Management Relations Act

The Court also has original federal question jurisdiction under § 301 of the LMRA. It is well established that federal subject matter exists under § 301 of the LMRA to suits to "vacate or enforce compliance with an arbitration award." New England Health Care Employees v. Fall River Nursing Home, 802 F. Supp. 674, 675 (D.R.I. 1992). In his Complaint, Mr. Giarusso seeks, in part, reinstatement to his position as a Field Service Technician. In effect, Mr. Giarusso is asking the Court to vacate the arbitrator's decision denying his prior request for reinstatement, a process of review that is specifically governed under §301 of the LMRA. Thus, in seeking reinstatement, Mr. Giarusso's Complaint, on its face, invokes the Court's federal subject matter jurisdiction under § 301 of the LMRA.

II. Diversity Jurisdiction

Even if the Court were to conclude that it does not have federal question jurisdiction, the Court does have original jurisdiction based on diversity of citizenship

pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.

It is undisputed that New England Gas is an unincorporated division of Southern Union Company ("Southern Union"). It is also undisputed that Southern Union is a Delaware corporation with its principal place of business in Pennsylvania. The Court has recently affirmed the well-established rule that the citizenship of the incorporated entity and not the unincorporated division is determinative for purposes of establishing diversity of citizenship. Transcript of Oral Argument and Decision, Gail Corvello, et al. v. New England Gas, et al., C.A. No. 05-221T (September 9, 2005). In that decision, the Court specifically held that New England Gas is not "an independent entity or a citizen for diversity purposes" because it is "simply a part of a corporation, Southern Union." Id. at p. 22. There, the Court denied a motion to remand the case on the basis that complete diversity of citizenship existed between Southern Union and the Rhode Island plaintiffs. Id. at 21-23.

In this case, there is also complete diversity of citizenship. It is undisputed that Steven Giarusso is a citizen of Rhode Island and Southern Union is a Delaware corporation. Accordingly, there is complete diversity of citizenship between the parties as required under 28 U.S.C. §1332(a).

In addition, the amount in controversy exceeds the $75,000 threshold requirement. In his Complaint, Mr. Giarusso seeks reinstatement and back pay, plus interest and such other relief as the Court deemed just. Mr. Giarusso was terminated on January 24, 2003 and he filed suit on or about December 6, 2004. This case was removed on December 30, 2004. At the time of removal, Mr. Giarusso had been out of work for approximately 101

weeks. Under the applicable collective bargaining agreement, Mr. Giarusso would have earned $26.34 per hour or $1053.60 per week from January 24, 2003 to April 30, 2004, (approximately 66 weeks). See Affidavit of Joan Chaffee attached as **Exhibit 1** at ¶ 5. Mr. Giarusso would have earned $27.00 per hour or $1080 per week from May 1, 2004 to December 30, 2004 (the date of removal) (approximately 35 weeks). See Chafee Aff. Ex. 1 at ¶ 6. Accordingly, Mr. Giarusso's back pay damages from January 24, 2003 to April 30, 2004 totaled approximately $69,537.60 ($26.34 x 40 hours per week x 66 weeks) and Mr. Giarusso's back pay damages from May 1, 2004 to December 30, 2004 totaled approximately $37,800 ($27.00 x 40 hours per week x 35 weeks). Thus, at the time the notice of removal was filed, Mr. Giarusso was seeking back pay damages totaling at least $107,337.60, well above the $75,000 minimum threshold for diversity jurisdiction. Because the value of the controversy exceeds $75,000 and there is complete diversity of citizenship between the parties, the Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

## III. CONCLUSION

As set forth above, the Court has original jurisdiction over this matter based on federal question jurisdiction and diversity jurisdiction. Accordingly, New England Gas respectfully requests that this matter not be dismissed.

NEW ENGLAND GAS, CO.
By its attorneys,

ROBERT P. BROOKS (#3721)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604
Dated: 10/12/05, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within Memorandum Showing Cause Why This Case Should Not Be Dismissed For Lack Of Jurisdiction was sent via regular mail and facsimile to the following on this 13th day of October, 2005:

Kenneth D. Haupt
Law Office of Stephen J. Dennis
127 Dorrance Street
Providence, RI 02903

*357099_1.doc*