**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEVEN GIARUSSO | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 04-552T |
| NEW ENGLAND GAS CO. | : | |
| Defendant. | : | |

**DEFENDANT NEW ENGLAND GAS CO.'S SUPPLEMENTAL MEMORANDUM SHOWING CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

Defendant New England Gas Co. ("New England Gas") respectfully submits this supplemental memorandum showing cause why this case should not be dismissed for lack of jurisdiction as requested by the Court at the Show Cause Hearing on October 14, 2005. At the hearing on October 14, 2005, the Court instructed New England Gas to address whether it is proper for a party to raise jurisdictional grounds not asserted in the original removal papers. The Court instructed Plaintiff to address two issues: (1) whether the Labor Management Relations Act confers jurisdiction on the Court in this case; and (2) whether there is complete diversity of the parties and the requisite amount in controversy to establish diversity jurisdiction.

I. Diversity Jurisdiction

In full candor to the Court, New England Gas was unable to locate legal precedent allowing a party to assert additional jurisdictional grounds not raised in the original removal papers. Although the issue appears to be a question of first impression in the First Circuit, other jurisdictions have held that while a party may amend a defective

removal notice, it may not assert new grounds for removal outside of the thirty day removal period. See Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2nd Cir. 1994); Wormley v. S. Pac. Transp. Co., 863 F.Supp. 382, 385-86 (E.D. Tex. 1994). Thus, although there is complete diversity of citizenship between the parties in this case and the amount in controversy exceeds the threshold requirement, New England Gas is not pressing its argument regarding diversity jurisdiction.

II. Federal Question Jurisdiction Under The Labor Management Relations Act

Although New England Gas may be precluded from asserting diversity of citizenship as a basis for jurisdiction at this juncture, it is important to note that New England Gas did assert in its original removal papers that the Court has federal question jurisdiction under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. See Notice of Removal at 3–4.

It is well established that federal subject matter jurisdiction exists under § 301 of the LMRA to suits to "vacate or enforce compliance with an arbitration award." New England Health Care Employees v. Fall River Nursing Home, 802 F.Supp. 674, 675 (D.R.I. 1992). Here, Plaintiff is seeking reinstatement under the guise of a medical leave claim in an effort to vacate a prior arbitration award which found that New England Gas had just cause to terminate Plaintiff for violation of company policy. Attached as Exhibit A is a portion of the Arbitrator's Award dated October 27, 2003. In that decision, the Arbitrator found that Plaintiff was terminated for failure to justify a leave of absence that spanned from December 8, 2002 to January 23, 2003, in violation of New England Gas' company policy, even though he had knowledge of "Company policy and the Company's specific requests for documentation." Exhibit A at 14-15. The Arbitrator further

reasoned that Plaintiff's "extensive absence, without such documentation, was tantamount to abandoning his job during the Company's most critical season" and his violation of company policy coupled with his prior work record, were just cause for his termination. Exhibit A at 17-18.

In his Complaint, Plaintiff seeks reinstatement on the basis that he was blocked from and terminated for attempting to invoke the protections of the FMLA. Plaintiff's allegations directly conflict with the Arbitrator's Award which held that Plaintiff alone was responsible for failing to provide medical documentation to support his leave and that New England Gas had just cause to terminate Plaintiff based on his prior work history and violation of company policy. Plaintiff's current attempt at reinstatement requires the Court to consider and potentially vacate the Arbitrator's Award. Thus, the Court has original federal question jurisdiction over this matter pursuant to 29 U.S.C. § 185.

NEW ENGLAND GAS, CO.
By its attorneys,

Jaime J. LaPorte

ROBERT P. BROOKS (#3721)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604
Dated: October 28, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within Supplemental Memorandum Showing Cause Why This Case Should Not Be Dismissed For Lack Of Jurisdiction was sent via regular mail and facsimile to the following on this 28th day of October, 2005:

Kenneth D. Haupt
Law Office of Stephen J. Dennis
127 Dorrance Street
Providence, RI 02903

*359515_1.doc*