# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF
Rhode Island

Steven Giarusso

v.

New England Gas Co.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: C.A. No. 04-552T

TO: **Gas Doctor L.L.C.**
**38 Frances Drive**
**Cranston, RI 02920**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Attachment**

| PLACE | DATE AND TIME |
|---|---|
| **Adler Pollock & Sheehan, P.C.**<br>**One Citizens Plaza, 8th Floor**<br>**Providence, RI 02903** | **September 23, 2005** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jaime J. LaPorte<br>Attorney for Defendant | August 26, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jaime J. LaPorte (#6668)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02852 (Tel: 401-274-7200)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

**(c) Protection of Persons Subject to Subpoenas**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspection and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from ay such place wihin the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and not exception or waiver applies; or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information; or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued show a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that he person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privilege or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a

description of the nat of the documents, communications, o ngs not produced that is sufficient to enable the demanding party to contest the claim.

*343320_1.doc*

# ATTACHMENT TO SUBPOENA

## Definitions and Instructions

### Definitions

A. "Document" shall include any tangible thing, including, without limitation, the original and any non-identical copy of any written, typed, recorded or graphic matter, however produced, reproduced or stored, in whatever form, including without limitation any writings, drawings, graphs, charts, sound recordings, video recordings, photographs, printouts, books, publications, computer disks, computer files, electronic mail messages, any manner of mechanical, electrical, or electronic transcription or encoding of words, numbers, or information, together with all programs and manuals necessary to interpret such encoded information, and all other data compilations from which information can be obtained or translated through detection devices into reasonably usable form.

B. "Concerning" shall mean relating to, referring to, discussing, describing, evidencing or constituting.

C. "You" and "your" shall mean Gas Doctor L.L.C. and each of its agents, employees and persons presently or formerly acting for or on its behalf.

D. "Person" or "individual" means a natural person or any form of an entity or organization.

### Instructions

A. You shall produce all documents responsive to this Subpoena that are in your possession, custody or control.

B. The use of the singular form of any word includes the plural and vice versa.

C. The words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these interrogatories any information that might otherwise be construed to be outside their scope.

D. In the event that any document responsive to this Subpoena is withheld from production upon a claim of attorney-client, work product or other privilege or immunity, you are required to furnish a list, verified by counsel, of all documents (or portions thereof) withheld from production, setting forth for each such document:

(i) The nature of the privilege or immunity claimed;

(ii) The date of the document;

(iii) The title, type (e.g., letter, memorandum, telegram) and general subject matter of the document (or portions(s) withheld);

(iv) The identity of each person who made, prepared or signed the document;

(v) The identity of each person to whom the document was addressed and each person to whom a copy was indicated to have been sent or was sent;

(vi) a description of the general subject matter of the document (or portions withheld);

(vii) such other information about the document and its contents sufficient to identify the document for a subpoena duces tecum; and

(viii) The present location of the document.

**Documents to Be Produced**

1. All payroll records for the Gas Doctor L.L.C. for the period of January 1, 2002 to present, including, but not limited to, timesheets, tax forms, and/or work logs.

2. All bank statements for the Gas Doctor L.L.C. from January 1, 2002 to present.

3. All tax returns filed by the Gas Doctor L.L.C. for the years 2002, 2003, and 2004.

4. All contracts, invoices, work orders, and/or other documents regarding services performed by the Gas Doctor L.L.C. from January 1, 2002 to present.

5. All checks from the Gas Doctor L.L.C. made payable to Steven Giarusso from January 1, 2002 to present.

*343294_1.doc*